UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZHIYONG HUANG,<br>      Plaintiff,<br>v.<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A<br>      Defendants. | Case No. 24-cv-05569<br><br>Judge John J. Tharp<br><br>Magistrate Judge Keri L. Holleb |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION AS TO DEFENDANTS IN SCHEDULE A, PART B

Plaintiff Z. HUANG, ("Plaintiff") submits this Memorandum of Law in support of the Motion for Entry of Preliminary Injunction against Defendants in Schedule A.

I.    INTRODUCTION.

Plaintiff Z. HUANG brings this present action against the defendants identified in Schedule A to the Complaint (collectively "Defendants") for federal design patent infringement (Count 1). As alleged in Plaintiff's Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling infringing products of Plaintiff's patented design through at the least the fully, interactive, e-commerce stores, operating under the seller aliases identified in Schedule A to the Complaint.

II.    STATEMENT OF FACTS.

   A.   The D952355 (**355) Patent.

Plaintiff's **355 patent and the corresponding 'BRUSH' Products based upon the **355 patent, are recognized as an inventive design in the industry of furniture. The 'Brush' products consist of unique ornamental design. Since the **355 patent was issued, the 'Brush' products

1

have become popular online, spurring hundreds of copycat versions of the patented products. Plaintiff designed, patented, and launched the 'Brush' products long before Defendants' acts described herein. Plaintiff is the owner of the **355 patent, whereby the patents should be deemed valid and enforceable. True and correct copies of the **355 patent are attached to the Complaint (Dkt. 1, Exhibits A). The **355 patent was subject to intense pre-allowance examination. *See High Point Design, LLC v. Buyer's Direct, Inc.*, 621 F. App'x 632 (Fed. Cir. 2015)("Design patents are presumed to be valid."); See also,15 U.S.C. §282.

B. **Defendants' Unlawful Activities.**

The success of the 'Brush' products have resulted in it being copied. Defendants intentionally copied the 'Brush' design due to its market success, including online marketing success, which resulted from the 'Infringing Products' with the unique ornamental design. Plaintiff has established that Defendants sell Infringing Products to consumers in the United States and the State of Illinois, including within the Northern District of Illinois. Internet Stores, like Defendant Internet Stores, i.e., those owned by The Partnerships and Unincorporated Associations of Schedule A, submitted under seal, whereby they possess identifiers, for example ASIN ("Amazon Standard Identification Number"), are estimated to receive millions of visits per year and to generate over millions in annual online sales. A sample of Defendants' Infringing Products are shown in Exhibits C and D of the Complaint. As can be shown, the various copycat versions possess unique ornamental design, which are totally the same as Plaintiff's 'Brush' products, and thus they infringe Plaintiff's **355 patent. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from its accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of transaction logs from similar cases brought by other patent owners indicates that off-

shore counterfeiters regularly move funds from their U.S. accounts to China-based bank accounts outside the jurisdiction of this Court.

### III. ARGUMENT.

#### A. Standard for Issuance of a Preliminary Injunction.

On July 24, 2024, this Court granted Plaintiff Z. HUANG's Ex Parte Motion for Entry of a Temporary Restraining Order ("TRO"). The TRO authorized Plaintiff to provide notice of these proceedings by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an email to the email addresses secured from discovery from third party platforms Amazon.com and eBay. Plaintiff is now seeking the grant of a preliminary injunction on the same basis as the grant of the July 24 TRO.

#### B. A Preliminary Injunction providing Relief is Appropriate.

Plaintiff Z. HUANG respectfully requests that this Court grant the preliminary injunction at this stage to prevent further infringing and unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Junjie Peng v. The Partnerships & Unincorporated Associations Identified in Schedule A*, 3:21-cv-1344 (N.D. Ill. September 14, 2021) (unpublished).

##### i. This Court has already found that the requirements for a preliminary injunction have been satisfied.

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin. Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A preliminary injunction may be issued upon a showing that (1) there is a reasonable likelihood

3

that Plaintiff will succeed on the merits, (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no remedy at law, (3) the balance of hardships tips in Plaintiff's favor, and (4) the public interest will not be disserved by the injunction. *Columbia Pictures Indus. Inc. v. Jasso*, 927 F.Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the previous TRO, it has already found that the above requirements have been satisfied.

  ii.  **The Equitable Relief sought remains appropriate.**

  Plaintiff Z. HUANG requests grant of this preliminary injunction so that Defendants' accounts may be frozen at the third-party entities identified in the TRO. Amazon.com has provided Plaintiff with information, including identification of financial accounts linked to the Seller aliases which were offering for sale and/or selling infringing products. What's more, due to the mechanisms of online shopping platforms, such as Amazon.com, Defendants are able to list infringing products on the shelf links previously used for unrelated products. This means some old ratings for delisted unrelated products, from before the plaintiff's patent, still show up on the same shelf links for these infringing products. This situation has caused confusion regarding the facts of the case. Defendants might use this to challenge **355 patent, delay legal actions, and possibly create obstacles for Plaintiff. In the absence of the preliminary injunction, Defendants may attempt to transfer financial assets to offshore accounts. Therefore, Defendants' accounts should be frozen for the remainder of the proceedings.

  The amount of damages to which Plaintiff is entitled to as set forth in the Complaint far exceeds any amount contained in any of the Defendants' financial accounts. For example, Plaintiff's prayer for relief requests damages to fully compensate Plaintiff form Defendants' accounts. *R-Boc Representative, Inc. v. Minemeyer*, No. 11-cv-8433, at *9 (N.D. Ill. Aug. 15, 2017). In addition, and as established in Plaintiff's TRO memorandum, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer

of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order granting a freeze on Defendants' assets should be granted.

## IV.  CONCLUSION.

In view of the foregoing, Plaintiff Z. HUANG respectfully requests that this Court enter the preliminary injunction against all Defendants.

DATED: August 20, 2024                                          Respectfully submitted,

Robert M. DeWitty
DeWitty and Associates
1500 K Street
2nd Floor, RM249B
Washington, D.C. 20005
Attorney for Plaintiff
t- 2025717070
e-admin@dewittyip.com

5